UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCKINLEY MUSHATT,

        Petitioner,                        Case Number: 5:14-CV-12124
                                                       HON. JOHN CORBETT O'MEARA

v.

JEFF LARSON,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner McKinley Mushatt, presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks relief from his convictions for possession with intent to deliver 50-240 grams of cocaine, maintaining a drug house, and being a second habitual offender. The Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

Petitioner previously filed a petition for a writ of habeas corpus challenging the same convictions challenged herein. That petition was denied on the merits. *See Mushatt v. McQuiggin,* No. 2:10-cv-11972 (E.D. Mich. Aug. 10, 2011).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.

§ 2244(b)(3)(A). Not all applications that are second in time to an earlier-filed petition are considered second or successive. *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). "In the usual case, a petition filed second in time, and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar." *Id.* at 947. A numerically second petition is not "second or successive" where it presents a claim that was dismissed as unripe in an earlier petition, *Steward v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998), or raises a claim not previously presented that would have been unripe at the time of the earlier petition. *Panetti*, 551 U.S. at 947. A numerically second habeas corpus petition challenging a state court judgment is "second or successive" for purposes of § 2244(b), when it raises a claim "that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (*citing McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

Petitioner already challenged the specific convictions at issue here. The claims raised in this petition are not newly ripe and could have been raised at the time Petitioner filed his initial habeas petition. Thus, this petition is successive and Petitioner must obtain authorization from the Sixth Circuit Court of Appeals for the filing of a successive petition. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the Clerk of Court to transfer this case to the United States Court of Appeals for the Sixth Circuit.

s/John Corbett O'Meara  
United States District Judge

Date: June 13, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 13, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager